■ In the Matter of FLASH'S LOUNGE, INC., Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— Order entered December 5, 1966 unanimously reversed, on the law and facts, without costs or disbursements to either party, determination annulled and matter remanded to respondent for further proceedings. Appellant's application for a special license to sell liquor at retail on the premises was recommended for approval by the local board but was disapproved by respondent following an interview with the corporate principal. It appears from the formal notice of disapproval of July 5, 1966 that the reason therefor was that this sole corporate shareholder intended to continue his then employment and would only devote part time services at the premises proposed for license. In passing respondent also " noted " and recited the record of arrests of this individual. None of these arrests resulted in a conviction. In view of the ambiguous treatment thereof in the notice of disapproval it is impossible to determine what weight respondent gave thereto or to the explanations of the corporate principal from which conceivably it could be concluded that there was no substance to the subject matter of any of the arrests. More important, however, the finding that the corporate principal would not devote full time to the business, if licensed, is not in accord with the record. This

discloses that at the investigative interview of May 25, 1966 the individual stated that he would be on the premises "from opening to closing" and planned to give up his then employment if the application was approved. We recognize that this is not a proceeding to review administrative action following a formal and mandated hearing. The area of review is to determine whether such action was arbitrary and capricious on all the facts before the administrative officer. (*Matter of Rochester Colony* v. *Hostetter*, 19 A D 2d 250, 253.) Such a judicial determination may not be made because the stated reason for disapproval is not in accord with the facts and we are unable to ascertain what weight, if any, respondent gave to the "noted" record of arrests. The application should be passed on anew and in the light of current facts. Concur — Botein, P. J., Stevens, Rabin and Bastow, JJ.